**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | Dist. Ct. Case No. _____ |
| **SCOTIA DEVELOPMENT, LLC**, *et al*., | § | |
| | § | **Relating to** |
| Debtors. | § | |
| | § | **Bankr. Case No. 07-20027-C-11** |
| | § | **Jointly Administered** |
| | § | **(Chapter No. 11)** |

**THE INDENTURE TRUSTEE'S EMERGENCY MOTION**
**FOR STAY PENDING APPEAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The Bank of New York Trust Company, N.A., as Indenture Trustee for the Timber Notes (the "Indenture Trustee"), files this Emergency Motion for Stay Pending Appeal (the "Motion") of the Bankruptcy Court's Judgment and Order (I) Confirming First Amended Joint Plan of Reorganization for the Debtors, as Further Modified, with Technical Amendments, Proposed by Mendocino Redwood Company, LLC, Marathon Structured Finance Fund, L.P., and Official Committee of Unsecured Creditors, (II) Denying Confirmation of the Indenture Trustee Plan, (III) Denying Motion to Appoint a Chapter 11 Trustee (the "Order") [Dkt. No. 3302 – App. A] and, in support thereof, respectfully notes that **the Bankruptcy Court's existing interim stay expires on Friday, July 25, 2008** [Dkt. No. 3383 – attached App. B], such that the Indenture Trustee requests emergency treatment (including requiring all response papers to be filed and

- 1 -

that hearing be set to occur as soon as possible, and well in advance of July 25, 2008—the

expiration of the interim stay).  The Indenture Trustee states as follows:[1]

## I.      PRELIMINARY STATEMENT – WHY A STAY TO PERMIT MEANINGFUL APPELLATE REVIEW IS CRITICAL IN THIS WATERSHED CASE

1.      So extreme are the legal pronouncements of the Bankruptcy Court that amicus

curiae The American Securitization Forum (the "ASF") has engaged counsel, appeared and

argued in the lower court and will now be submitting a brief to this Honorable District Court.  As

ASF's counsel, Lauren Macksoud, stated at the hearings in connection with the Bankruptcy

Court Stay Motion, "[t]he ASF's main concern was the substantive consolidation issue [of the

MRC/Marathon Plan] and its impact on the [credit] industry; therefore, the ASF believes a

thorough review of the substantive consolidation issue by a higher court is appropriate under

these circumstances."  Tr. of Hr'g on July 11, 2008 – Vol. II, App. C, p. 39:  20-24.  In addition

to the concerns raised by counsel for the ASF, this case presents important and myriad legal

errors.

2.      First, as an example, the Confirmation Order improperly strips value from the

separate Scopac bankruptcy estate and uses it to satisfy the creditors of the separate Palco

bankruptcy estate.  The record contains damning e-mail evidence written by appellee Mendocino

Redwood Company, LLC's CEO (Mr. Dean) that its co-proponent, Marathon Structured Finance

Fund, L.P., sought to effectively steal the value from Scopac through use of a "bogus" appraisal

and a bankruptcy cram down.  At pages 12–13 of the July 7, 2008 transcript of the Bankruptcy

Court's rulings, the Court itself observed that:

> Then there was the comment about a bogus appraisal.  You know, we talked about
> MAI appraisers in this particular case, and the Court is mindful of the old joke

---

[1] Pursuant to Bankruptcy Rule 8011(d), the Indenture Trustee submits the following.  All grounds advanced in support of this Motion were first submitted to the bankruptcy court for review and ruling.  The office addresses and telephone numbers of both moving and opposing counsel appear at the end of this submission.

> that MAI stands for 'made as instructed.'  Well, you know, businessmen have different impressions about the impact of appraisals in [a] case.  ***The statement was made that 'the debtor or Marathon might use a bogus appraisal to cram down the note holders.'***

July 7, 2008 Ruling Transcript, App. D, at 12:24–13:06 (emphasis added).

3.       The Bankruptcy Court continued, "And then of course, throughout the e–mail there was the notion that ***Marathon wanted to steal equity***."  *Id.* 13:17–18 (emphasis added).  In the same vein, the Bankruptcy Court also commented:

> Marathon certainly had no equity in this case.  If what he [Mr. Dean] meant when he said 'equity' [in his e–mail] — he's not [a] lawyer, he's a businessman;  ***if what he meant was ownership, that they meant to steal ownership, well, by lifting exclusivity, again, everybody then is given equal opportunity to steal the other person's ownership.  That's what the effect of lifting exclusivity is.***  Maybe we don't say it quite that coldly, but that's exactly what happens once you lift exclusivity.  It's then everybody's chance to put forth a plan that might give them the best possible situation.

July 7, 2008 Ruling Transcript – App. D, at 14:3–12 (emphasis added).

4.       <u>Second</u>, as another example, the Order effects a *de facto* substantive consolidation wholly in the absence of the prerequisite elements and protections called for under the Bankruptcy Code and squarely violates the absolute priority rule.  All of the value being distributed to the unsecured creditors of Scopac and Palco in order to enable them to achieve a higher percentage of recovery than on Scopac's secured claims is being derived from Scopac's assets, *i.e.*, *from the Scopac Timber Noteholders' collateral*.  These startling, anti-secured-creditor features of the Order have led the American Securitization Forum to appear and argue as an amicus in these proceedings.  Other important, pure legal errors are presented in the Order and explained in this Motion and the accompanying brief.

5.       And <u>third</u>, in denying the Indenture Trustee and its fellow appellants requested stay relief pending appeal, the Bankruptcy Court has abused its discretion, made clearly erroneous and wholly unsupported fact findings and has committed pure legal error by

misapplying Fifth Circuit stay law.  The Indenture Trustee came forward with reasonable proposals offering essentially $50 million in value to permit Scopac and Palco to maintain the status quo and continue operations.  The Indenture Trustee also came forward with a proposal to protect against the speculative potential loss of financing and feared loss of the overall MRC/Marathon deal.  The evidence fully supported the adequacy of these proposals.  Without effective stay relief, the Indenture Trustee will suffer irreparable harm through a combination of losses — the loss of its right to appellate review, the loss of its bundle of rights relative to the unique and valuable timberlands, the loss of its rights to credit bid and foreclose upon its timberland collateral and bureaucratic momentum will set in once the timberlands are transferred and the pertinent governmental permits are changed over to the new entity.  Even if the Indenture Trustee prevails on appeal, none of these harms can be undone.  And time is counting down.  The current interim stay expires July 25, 2008.

## II.     <u>JURISDICTION</u>

6.      This Motion is presented to this Court pursuant to, inter alia, Bankruptcy Rule 8005.  The Indenture Trustee notes that while the Bankruptcy Court has granted certification of a direct appeal, the Fifth Circuit has yet to authorize such appeal.  The Fifth Circuit, therefore, does not currently have jurisdiction over this matter.  *See* 28 U.S.C. § 158(d)(2)(A).

7.      Stay relief is appropriately obtainable from this Court pursuant to 28 U.S.C. § 158(d)(2)(D).

## III.    <u>SUMMARY OF ARGUMENT</u>

8.      This Court should grant a stay pending the Indenture Trustee's appeal of the Order on the following grounds:

**A.** **The Indenture Trustee Is Likely To Succeed On The Merits Of Its Appeal Of The Order.**

9.     With regard to the first element, the likelihood of success on appeal, the Fifth Circuit has held that the movant "need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 439 (5th Cir. 2001) (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir, Unit A. June 1981)).  In this case, the legal issues presented are, at once, profound and numerous.

- The Bankruptcy Court erred in concluding that the MRC/Marathon Plan could be crammed down because it is neither fair nor equitable.

- The Bankruptcy Court erred in concluding that the MRC/Marathon Plan provides the Indenture Trustee the indubitable equivalent of its secured claim as required by section 1129(b)(2)(A)(iii) of the Bankruptcy Code.

- The Bankruptcy Court erred in concluding that the MRC/Marathon Plan complied with the absolute priority rule.

- The Bankruptcy Court erred in confirming the MRC/Marathon Plan because it provides for a sale of the Indenture Trustee's collateral without preserving credit bidding rights in violation of 11 U.S.C. § 1129(b)(2)(A)(ii) of the Bankruptcy Code.

- The Bankruptcy Court erred in confirming the MRC/Marathon Plan because it proposes improper substantive consolidation of the Debtors.

- The Bankruptcy Court erred in confirming the MRC/Marathon Plan because it fails to pay intercompany administrative claims in violation of section 1129(a)(9).

- The record fails to support the Bankruptcy Court's conclusion that the MRC/Marathon Plan provides the Indenture Trustee with at least as much as it would receive in a chapter 7 liquidation, as required under section 1129(a)(7).

- The Bankruptcy Court erred in concluding that the MRC/Marathon Plan complies with sections 1122, 1123 and 1129(a)(1) of the Bankruptcy Code.

- The record was inadequate to overcome the presumption that the MRC/Marathon Plan discriminates unfairly against Class 9, which is of equal rank and priority with Class 8.

- The Exculpation Clause in the MRC/Marathon Plan resulted in non-compliance with sections 1129(a)(1) and 524(e) of the Bankruptcy Code.

**B.    The Indenture Trustee Will Suffer Immediate And Irreparable Harm If The Stay Of The Order Is Not Granted.**

- If this Court does not grant a stay pending appeal, the Indenture Trustee will suffer substantial, and irreparable harm. The loss of appellate review is a "quintessential form of prejudice." Indeed, where the denial of a stay pending appeal risks mooting any appeal of significant claims of error, courts hold that the irreparable harm requirement is satisfied.[2]

- Here, unless a stay of the Order is entered, substantial consummation of the MRC/Marathon Plan and confirmation order is likely and, as a result, the Indenture Trustee may be left without an effective remedy. Absent a stay pending appeal, the Indenture Trustee is in significant jeopardy of being left without an effective, complete remedy and of losing its rights to the unique timberlands at issue in this case, including, but not limited to, its right to credit bid and to foreclose on its interests. Such a loss of interests in real property constitutes an irreparable harm for which injunctive and stay type relief is appropriate.

**C.    Other Interested Parties In The Scopac Bankruptcy Case Will Not Suffer Substantial Harm If A Stay Is Granted.**

- Here, the Indenture Trustee need only demonstrate that Scopac's creditor constituents will not suffer substantial harm if the stay is granted. Because those parties will suffer little, if any, harm as a result of the Court entering a stay pending appeal, this Court should stay the effect of the Order.

**D.    Granting The Stay Is In The Public Interest.**

- There is a strong public interest in preserving the integrity of a party's statutory right of appellate review, which will be eviscerated if a stay is not granted. Because MRC and Marathon will immediately move to consummate the plan, the Indenture Trustee's appeal of the Order could likely be quickly rendered moot if a stay is not granted, thereby depriving the Indenture Trustee of its right to appeal.

---

[2] *See Ginther v. The Ginther Trusts (In re Ginther Trusts)*, 238 F.3d 686, 689 (5th Cir. 2001) ("[A] failure to obtain a stay is fatal to a challenge of a bankruptcy court's authorization of the sale of property."); *Culwell v. Texas Equipment Company, Inc. (In re Texas Equipment Company, Inc.)*, 283 B.R. 222, 228 (Bankr. N.D. Tex. 2002) (holding that if a party appeals an order approving a sale of property, unless the party obtains a stay pending appeal, such party would be left without effective remedies).

- In addition, the public interest is implicated because the Bankruptcy Court's decision will threaten to disrupt the financing markets. In completely disregarding the carefully-crafted corporate separateness between Scopac and Palco, the Bankruptcy Court's decision creates a dangerous precedent that will make it vastly more difficult for even thriving, successful businesses to obtain financing if they happen to bear some affiliation with struggling ones.

**E.     The Indenture Trustee's Alternate Security Proposals More Than Protect Against All Legally Cognizable Categories Of Actual Loss Attendant To The Delay Of Appeal.**

- While the Indenture Trustee maintains that no bond or security is required in this case, it did propose — in the alternative — a security arrangement that effectively provides some $50 million to permit both Scopac and Palco to operate through the end of the year and to cover all proper losses attendant to the delay of appeal. The Indenture Trustee also included an element whereby the MRC/Marathon Plan would go forward if further bonding was not provided upon effective notice that MRC/Marathon actually intended to abandon their transaction. To the extent this Court imposes a stay conditioned on bond/security, that amount should be reasonable, not constitute a windfall to the appellees and should not cover purely speculative, theoretical or "self–inflicted" potential damages.

Accordingly, this Court should stay the effect of the Order until completion of the Indenture Trustee's appeal.

## IV.     BACKGROUND

10.     The Indenture Trustee is the indenture trustee for in excess of $700 million in notes issued by Scotia Pacific Company LLC ("Scopac"), which are secured by substantially all of Scopac's assets and represent approximately 95% of the creditor claims against Scopac. By this Motion, the Indenture Trustee seeks a stay of the Order confirming the Joint Plan of Reorganization for the Debtors – those parties are: Scopac; its parent corporation, The Pacific Lumber Company ("Palco"); and certain other affiliates of Palco (such affiliates, together with Palco, being the "Palco Debtors"). The Joint Plan made the subject of the Order was filed by Mendocino Redwood Company, LLC ("MRC") and Marathon Structured Finance Fund, L.P. ("Marathon"), and, only later, after commencement of the confirmation hearings, was it joined

by the Official Committee of Unsecured Creditors (the "Committee") (the "MRC/Marathon Plan").

11.     Although the MRC/Marathon Plan is styled as a "Joint Plan" for Scopac and the Palco Debtors, that plan must, as to Scopac, be evaluated as a *separate* plan for Scopac.  *See In re Gregory Rockhouse Ranch*, Case No. 05-16120 MR, 2007 Bankr. LEXIS 4343, at *2 n.1 (Bankr. D.N.M. Dec. 21, 2007) ("The Debtors' bankruptcy proceedings are jointly administered, not consolidated.  Thus the jointly administered plan of reorganization in fact constitutes five separate plans of reorganization."); *In re Eagle Bus Mfg.*, 134 B.R. 584, 601 (Bankr. S.D. Tex. 1991) (evaluating treatment of "Unsecured Claims ***against each estate***") (emphasis added).

12.     At the time the Bankruptcy Court confirmed the MRC/Marathon Plan, it also had before it the Indenture Trustee's Plan of Reorganization for Scopac.  The two competing plans for Scopac provided starkly conflicting visions for maximizing the value of its assets.  Under the MRC/Marathon Plan, MRC, a self-styled "hostile acquirer" teamed up with Marathon – a creditor of *Palco* which has no rights or claims against *Scopac* or its assets – to purchase Scopac's assets in a closed, forced, private sale at a pre-set price of $530 million, without any competitive bidding, and denying the right to credit bid on the part of the Indenture Trustee, as required by section 1129(b)(2)(A)(ii).  The Bankruptcy Court's approval of this pre-set price was based on a hypothetical value determined by the Court after considering appraisal testimony which was – as the Bankruptcy Court observed – subject to "potential weaknesses in all of the testimony concerning valuation."  *See* Comments by Judge Schmidt, Apr. 11, 2008 Hr'g Tr., App. C, at pg. 281:19-23.

13.     Unlike the MRC/Marathon Plan, the competing Indenture Trustee Plan meets all of the requirements of 11 U.S.C. § 1129 and provides that Scopac's assets would be sold through

an open, competitive auction process, with a "stalking horse" bid of $603 million as the ***floor***, rather than $513.6 million as the ***ceiling***.  MRC could of course bid at that auction, but its strategy was to avoid a fair and open auction in favor of a forced, private sale to itself as a single bidder, which would thereby enable MRC (and its partner, Marathon) to pay less for the assets than would be required in an open competitive auction.

14.     In light of this stark difference, it is not surprising that 124 holders of the over $688 million in Scopac Timber Notes (defined below) for which the Indenture Trustee acts as Indenture Trustee overwhelmingly rejected the MRC/Marathon Plan, and overwhelmingly accepted the Indenture Trustee Plan.  In contrast, 33 unsecured creditors with claims totaling $8,125,112 voted for the MRC/Marathon Plan and against the Indenture Trustee Plan.  If, for the sake of argument, this Court accepts a value of $513.6 million for the Timberlands, the Noteholders would collectively hold an unsecured deficiency claim in the amount of $174,700,000, or 95.5 percent of the total unsecured claims.  Nevertheless, somehow— incredibly—the Bankruptcy Court said in its Findings of Fact regarding confirmation that "creditors overwhelmingly voted to accept the MRC/Marathon Plan."   Findings and Conclusions, Dkt. 3088, App. E, at page 28.

15.     To add insult to injury, the MRC/Marathon Plan turned the normal rules of "absolute priority" on their head.  There is no dispute that the holders of the Scopac Timber Notes have a lien on substantially all of Scopac's assets.  Nor is there any dispute that no equity exists in those assets either for Scopac's unsecured creditors, or for unsecured creditors of its parent and equity holder, Palco.  Nevertheless, even though the MRC/Marathon Plan provided for a distribution of only approximately *70%* of the pre-petition claims of the Timber Noteholders, it provides for a distribution of *75%-90%* of the unsecured claims against Scopac

and Palco.[3]   Under long-standing principles of "absolute priority," however, the unsecured creditors of Scopac and its parent corporation Palco, are entitled to *absolutely no distribution* until the holders of liens on substantially all of Scopac's assets were paid in full – certainly, under well-established law the unsecured creditors cannot receive *better* treatment than the holders of such secured claims.  The Order thus squarely violates the absolute priority rule.

16.     Moreover, as demonstrated below, all of the value being distributed to the unsecured creditors of Scopac and Palco in order to enable them to achieve a higher percentage of recovery than on Scopac's secured claims is being derived from Scopac's assets, *i.e.*, *from the Scopac Timber Noteholders' collateral*.   Under any standard of appellate review, such an inversion of normal legal priorities cannot be upheld on appeal.

17.     As detailed below, the Order was also the result of numerous other errors, both legal and factual, that are reversible on appeal.  Based on the legal errors in confirming the MRC/Marathon Plan, and for all of the reasons set forth below, the Indenture Trustee seeks a stay of the Order pending final disposition of the Indenture Trustee's appeal.

## V.     FACTUAL AND PROCEDURAL POSTURE

18.     In 1998, Scopac was established as a separate company to take ownership of the timberland holdings of Palco and certain other affiliated companies "to facilitate the sale of certain collateralized notes . . . (the "Timber Notes")."  Since that time, Scopac has been and remains a legal entity separate and distinct from Palco.

---

[3]     As of January 18, 2007, the Petition Date, the aggregate amount of the principal and unpaid interest on Scopac's Timber Notes (whose principal face amount is $713.8 million) was approximately $740 million.  The estimated distribution of $513.6 million to the Scopac Noteholders under the MRC Marathon Plan translates into a recovery of approximately 70% of this amount.  In contrast, the cash payout to the non-priority, general unsecured claims against Scopac and Palco under the Plan will result in a distribution in the range of 75%-90% of their claims.  See IT Exhibit 102a, App. F, at pg. 51 (Joint Disclosure Statement).

19.     After Scopac was formed, it issued Timber Notes in the initial aggregate principal amount of approximately $870 million, secured by all of Scopac's timber, which comprises substantially all of Scopac's assets.  Approximately $714 million in principal and $26 million in interest (*i.e.*, a total of $740 million) was outstanding on the Timber Notes as of the Petition Date (defined below).  The Bank of New York Trust Company, N.A. is the Indenture Trustee and Collateral Agent for the holders of the Timber Notes (the "Timber Noteholders") pursuant to that certain Indenture dated July 20, 1998, by and between Scopac and State Street Bank and Trust Company, App. G.

20.     On January 18, 2007 (the "Petition Date"), Scopac, Palco, Scotia Development Company LLC, Britt Lumber Co., Inc., Salmon Creek LLC and Scotia Inn Inc. (collectively the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Although these cases are being jointly administered, the Debtors have not been substantively consolidated and remain separate entities with separate assets and liabilities.

21.     On January 4, 2008, the Court entered its Order Terminating Exclusivity and Establishing Dates for Filing of Plans of Reorganization and Disclosure Statement (the "Order Terminating Exclusivity") [Dkt. No. 2004 – App. H] which set January 30, 2008 as the deadline for Debtors and only four parties-in-interest to file competing plans of reorganization for the Debtors.

22.     On that date, three separate sets of plan proponents (collectively, the "Plan Proponents") each proposed a plan or plans for reorganizing some or all of the Debtors.  The three groups of Plan Proponents were:

> a.    Mendocino Redwood Company, LLC ("MRC") and Marathon Structured Finance Fund L.P. ("Marathon") [Dkt. No. 2206 – App. I];

> b.    Scotia Development, Palco, Britt, Salmon Creek, Scotia Inn, and Scopac, together with Maxxam, Maxxam Group Holdings Inc., and Maxxam Group Inc. [Dkt. Nos. 2208-10 - Apps. J – L]; and
>
> c.    the Indenture Trustee for the Scopac Timber Notes [Dkt. No. 2211 – App. M].

The Plan Proponents also filed proposed disclosure statements [Dkt. Nos. 2207, 2212, 2214 – Apps. N – P].

23.    On February 29, 2008, the Court approved a Joint Disclosure Statement (the "Joint Disclosure Statement") for all of the pending plans [Dkt. No. 2353 – App. Q] along with solicitation procedures.  [Dkt. No. 2387 – App. R].  Thereafter, Kathleen M. Logan, as Balloting Agent, filed her Declaration Certifying Voting on, and Tabulation of, Ballots Accepting and Rejecting the Respective Plans [Dkt No. 2581 – App. S].  As set forth therein, although one small class of Scopac unsecured creditors rejected the Indenture Trustee Plan and accepted the MRC/Marathon Plan, taken as a whole, the overwhelming majority in number and amount of Scopac creditors accepted the Indenture Trustee Plan and rejected the MRC/Marathon Plan.[4]  *See* IT Exhibit 101, App. T.

24.    On April 4, 2008, the Indenture Trustee filed its Objection to the confirmation of the MRC/Marathon Plan.  [Dkt. No. 2614 – App. U].  The Debtors also objected to that plan. [Dkt. No. 2612 – App. V].

25.    From April 8, 2008 through April 11, 2008, and April 29, 2008 through May 2, 2008, the Court held a confirmation hearing (the "Confirmation Hearing") with respect to the

---

[4]    Indeed, combining the totals of all voting classes, a majority of all creditors in both number and amount voted to accept the Indenture Trustee Plan and reject the MRC/Marathon Plan.  The MRC/Marathon impermissibly separated the non-priority, general unsecured claims against Scopac into two classes – the unsecured Scopac Trade Claims (Class 8), whose 26 (out of 27) votes to accept the MRC/Marathon Plan totaled $241,382, and the Scopac General Unsecured Claims (Class 9) consisting entirely of the unsecured deficiency claim of the holders of Timber Notes, whose 124 (out of 130) votes to reject the MRC/Marathon Plan totaled $688,729,517 on their face (over $174 million in deficiency claims per the terms of the MRC/Marathon Plan).

various plans of reorganization.[5]   The Court held closing argument on May 15.   Following amendments to certain plans that took place in the course of the Confirmation Hearing and other developments, the Court had before it two competing Plans for Scopac:

(a)   First Amended Chapter 11 Plan for Scotia Pacific Company LLC proposed by Bank of New York Trust Company, N. A., Indenture Trustee for the Timber Notes (*as modified May 20, 2008*) (the "Indenture Trustee Plan") [Dkt. 2997- Ex. A – App. W]; and

(b)   First Amended Joint Plan of Reorganization for the Debtors, as modified, proposed by Mendocino Redwood Company, LLC, Marathon Structured Finance Fund L.P. and the Official Committee of Unsecured Creditors (the "MRC/Marathon Plan") [Dkt. No. 2800 – App. X].

26.    On May 13, 2008, the Indenture Trustee filed its Post-Trial Brief (the "Post-Trial Brief") [Dkt. No. 2890 – App. Y].

27.    On June 6, 2008, the Court entered its Findings of Fact and Conclusions of Law Regarding (a) Confirmation of MRC/Marathon Plan (b) Denial of Confirmation of the Indenture Trustee Plan and (c) Denial of the Motion to Appoint a Chapter 11 Trustee (the "Findings and Conclusions") [Dkt. No. 3088 – App. E].   Therein, the Court stated that it would sign an order confirming the MRC/Marathon Plan if its proponents would make the following three amendments to the Plan and its proposed confirmation order:

First, the Plan must provide for the retention of whatever lien the Noteholders have on the Headwaters Litigation.  Second, the Plan must provide for separation of any recovery from litigation in the Litigation Trust which belongs to Scopac for the benefit of Scopac unsecured creditors. Third, the Plan must guarantee the payment of $510 million for payment of the Class 6 Secured Timber Noteholder debt.

Findings and Conclusions, App. E, at pg. 9.

---

[5] On April 11, 2008, based upon the evidence adduced regarding the timberlands' valuation during the first week of the confirmation hearing, the Bankruptcy Court acknowledged that the value of Scopac's timberlands was "between 500 million and 600 million."  See April 11, 2008 Hr'g Tr. at pg. 281: 11-14, App. C.  As of that date, Scopac's valuation experts, who opined that the value of Scopac's timberlands exceeded $1 billion, had yet to testify.

28.     On June 13, 2008, the Bankruptcy Court held a hearing (the "Continued Confirmation Hearing") with respect to, *inter alia*, the amendments to the proposed order and the Administrative Expense Motion.

29.     On July 2, 2008, the Indenture Trustee filed its Amended Motion to Grant Indenture Trustee a Superpriority Administrative Expense Claim Pursuant to Section 507(b) (the "Amended 507(b) Motion") [Dkt. No. 3254 – App. Z].

30.     On July 8, 2008, the Bankruptcy Court entered the Order [Dkt. No. 3302 – App. A].

31.     On July 9, 2008, the Indenture Trustee filed its Emergency Motion for Stay Pending Appeal in the Bankruptcy Court (the "Bankruptcy Court Stay Motion") [Dkt. No. 3309 – App. AA].

32.     On July 10 and 11, 2008, the Bankruptcy Court held hearings on the Bankruptcy Court Stay Motion.

33.     On July 15, 2008, the Bankruptcy Court entered an order denying the Bankruptcy Court Stay Motion but imposing a limited interim stay until July 25, 2008, to permit the pursuit of stay relief in the higher courts.

34.     Contemporaneously with the filing of this Motion, the Indenture Trustee also submits its Memorandum of Law in Support of the Motion.

## VI.     ARGUMENT AND AUTHORITIES RE STAY PENDING APPEAL AND BOND SECURITY

35.     Bankruptcy Rule 8005 provides, in pertinent part:

A motion for stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. . . .  [T]he bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest . . . .

FED. R. BANKR. P. 8005.

The Bankruptcy Court denied the Indenture Trustee's and its co-appellants' requested stay relief by order entered July 15, 2008 [Dkt. No. 3383 – attached App. B] and Findings of Fact and Conclusions of Law of that same date [Dkt. No. 3381 - attached App. BB].

36.     The Fifth Circuit employs a four-part test in determining whether to grant a stay pending appeal:

> (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest.

*Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982); accord *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438-39 (5th Cir. 2001).[6]  The Fifth Circuit, however, "has refused to apply these factors in a rigid mechanical fashion."  *Reading & Bates Petroleum Co. v. Musslewhite*, 14 F.3d 271, 272 (5th Cir. 1994).  Accordingly, some courts within the Fifth Circuit have properly determined that "the absence of any one factor is not fatal to a successful motion for stay."  *In re Permian Producers Drilling, Inc.*, 263 B.R. 510, 515 (W.D. Tex. 2000) (citing *In re First S. Savs. Ass'n*, 820 F.2d 700, 709 n.10 (5th Cir. 1987)); *cf. Arnold*, 278 F.3d at 438-39 (noting that while "each part [of the stay pending appeal test] must be met[,]" the standard for meeting the likelihood of success on the merits prong could be balanced).

37.     The Confirmation Order is at the epicenter of a sea change in debtor/creditor law. For the reasons set forth herein, and in addition to the analysis set forth in the accompanying Memorandum, application of the foregoing stay standard to the instant case warrants the

---

[6]   This same test applies to granting a stay pending appeal pursuant to Bankruptcy Rule 8005.  *In re Texas Equip. Co., Inc.*, 283 B.R. 222, 227 (Bankr. N.D. Tex. 2002) (citing *Turner v. Citizens Nat'l Bank of Hammond* (*In re Turner*), 207 B.R. 373, 375 (B.A.P. 2d Cir. 1997); *In re Edwards*, 228 B.R. 573, 575 (Bankr. E.D. Pa. 1999); *In re Westwood Plaza Apartments, Ltd.*, 150 B.R. 163, 168 (Bankr. E.D. Tex. 1993)).

imposition of a stay pending appeal to preserve the Indenture Trustee's and its co-appellants' right to a meaningful appeal. Accordingly, the Indenture Trustee has met (or exceeded) the standard for the imposition of a stay pending appeal to preserve its right to a meaningful appeal *and* to the unique timberlands at issue in this case and the Indenture Trustee's bundle of rights relative to that real property.[7]

38.     While the Indenture Trustee maintains that no bond or security is required in this case, it did propose — in the alternative — a security arrangement that effectively provides some $50 million to permit both Scopac and Palco to operate through the end of the year and to cover all proper losses attendant to the delay of appeal. The Indenture Trustee also included an element whereby the MRC/Marathon Plan would go forward if further bonding was not provided upon effective notice that MRC/Marathon actually intended to abandon their transaction. To the extent this Court imposes a stay conditioned on bond/security, that amount should be reasonable, not constitute a windfall to the appellees and should not cover purely speculative, theoretical or "self–inflicted" potential damages.

39.     In connection with the Bankruptcy Court Stay Motion, as previously noted, the Bankruptcy Court heard substantial testimony and argument regarding the Indenture Trustee's entitlement to a stay pending appeal. The parties also submitted extensive briefing, proffers, and other pleadings in connection with such motion. These filings and the transcripts of such hearings constitute the relevant record that this Court should consider in determining the requested relief. Accordingly, the Indenture Trustee has attached this record as an appendix to this Motion. Separately, the Indenture Trustee will submit a brief setting out its previously

---

[7] Separately, and in conjunction with its previously-filed notice of appeal, the Indenture Trustee will be submitting its issues and record designations in accordance with the Bankruptcy Rules. Should the Court determine it necessary to review the entire record of the bankruptcy proceedings before ruling on this Motion, the Indenture Trustee requests that the Court enter an interim stay of sufficient duration to permit the compilation and presentation of that gargantuan record in accordance with the Bankruptcy Rules.

proposed security arrangements, explaining how they more than adequately protect against the delay of appeal and why the Bankruptcy Court's advisory opinion relative to bond/security amount yields a legally unsupportable and greatly exaggerated number.

WHEREFORE, PREMISES CONSIDERED, the Indenture Trustee respectfully requests that — on an emergency basis (including requiring all response papers to be filed and that hearing be set to occur as soon as possible, and well in advance of July 25, 2008—the expiration of the interim stay) — this Court (a) grant a stay pending appeal *sans* any bond/security requirement, (b) alternatively and without waiver or prejudice, grant a stay on bond/security terms consistent with the Indenture Trustee's alternative proposals in the Bankruptcy Court and of record, (c) in the further alternative, grant an additional ten (10) day interim stay to permit the Indenture Trustee opportunity to seek relief in the Fifth Circuit Court of Appeals should this Honorable District Court decline the requested stay pending appeal, and (d) grant such further relief as the Indenture Trustee may be entitled, either in law or equity.  This Motion and prayer for relief is made expressly subject to and without waiver of any and all rights, remedies, objections and challenges.

Dated: July 17, 2008
Houston, TX

Respectfully submitted,

**FULBRIGHT & JAWORSKI L.L.P.**

By: */s/ William Greendyke*

William Greendyke    (SBTX 08390450)
Toby L. Gerber        (SBTX 07813700)
Louis R. Strubeck, Jr. (SBTX 12425600)
O. Rey Rodriguez      (SBTX 00791557)
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

-and-

Zack A. Clement      (SBTX 04361550)
R. Andrew Black      (SBTX 02375110)
Jason L. Boland      (SBTX 24040542)
Mark A. Worden       (SBTX 24042194)
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

**Counsel for The Bank of New York Trust
Company N.A., as Indenture Trustee for the
Timber Notes**

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 17, 2008, I conferred with opposing counsel in this matter regarding the relief requested in this Motion and am informed that the Motion is opposed, thereby necessitating a hearing on this matter.

*/s/ William Greendyke*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served by either ECM/ECF Notification or United States First Class Mail, postage prepaid, to all parties entitled to notice, as indicated on the attached service list, on July 17, 2008.

Dated:  July 17, 2008

_____/s/ William Greendyke_____

## MASTER SERVICE LIST

**DEBTOR - SCOPAC**
Jeff Barrett
Scotia Pacific LLC
125 Main Street
Scotia, CA 95565-0000

**SCOPAC'S ATTORNEYS**
Kathryn Coleman
Gibson Dunn & Crutcher LLP
One Montgomery Street, Suite 3100
San Francisco, CA 94104
Telephone:  (212) 351-3889

Robert K. Dakis
Gibson Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  (212) 351-4000

Eric J. Fromme
Gibson Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone:  (949) 475-4760

Kyung S. Lee
Wendy K. Laubach
Diamond McCarthy Taylor Finley Bryant & Lee LLP
Two Houston Center
909 Fannin Street, Suite 1515
Houston, TX 77010-1006
Telephone:  (713) 333-5125

**DEBTORS**
Scotia Development LLC
921 N. Chaparral, Suite 104
Corpus Christi, TX 78401

Salmon Creek LLC
P.O. Box 37
Scotia, CA 95565

Scotia Inn Inc.
100 Main Street
Scotia, CA 95565

Britt Lumber Co., Inc.
P.O. Box 37
Scotia, CA 95565

The Pacific Lumber Company
P.O. Box 37
Scotia, CA 95565

**COUNSEL FOR PALCO AND CERTAIN SUBSIDIARIES**
Shelby A. Jordan
Harlin C. Womble, Jr.
Nathaniel Peter Holzer
Jordan, Hyden, Womble, Culbreth & Holzer
500 N. Shoreline Blvd., Suite 900
Corpus Christi, TX 78471
Telephone:  (361) 884-5678

Jeffrey Schaffer
Gary M. Kaplan
Howard Rice Nemerovski, et al.
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Telephone:  (415) 434-1600

Jack L. Kinzie
James R. Prince
Luckey McDowell
Baker Botts LLP
2001 Ross Avenue
Dallas, TX 75201-2980
Telephone:  (214) 953-6500

**U.S. TRUSTEE**
Charles Sterbauch, Assistant US Trustee
Office of the U.S. Trustee
606 N. Carancahua, Suite 1107
Corpus Christi, TX 78476
Telephone:  (361) 888-3261

**COMMITTEE OF UNSECURED CREDITORS**
Environmental Protection Information Center, Interim Chairman
c/o Sharon E. Duggan
370 Grand Avenue, Suite 5
Oakland, CA 94610

John Miller, Interim City Manager
City of Rio Dell
675 Wildwood Ave.
Rio Dell, CA 95562

Pacific Coast Trading, Inc.
c/o Miles T. Crail
1690 Green Ash Road
Reno, NV 89511

United Steelworkers
c/o David Jury
Five Gateway Center, Suite 807
Pittsburgh, PA 15222

Steve Cave
2232 Wrigley Road
Eureka, CA 95503

Steve Wills Trucking & Logging, LLC
c/o Steve Wills
P.O. Box 335
Fortuna, CA 95540

Pension Benefit Guaranty Corp.
c/o Adi Berger
1200 K Street, NW
Washington, DC 20005

**COUNSEL FOR COMMITTEE OF UNSECURED CREDITORS**
Maxim B. Litvak
John D. Fiero
Kenneth H. Brown
Pachulski Stang Ziehl Young Jones & Weintraub
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Telephone:  (415) 263-7000

**GOVERNMENTAL ENTITIES**
Susan Combs, Comptroller
LBJ State Office Bldg.
111 E. 17th Street
P.O. Box 13528
Austin, TX 78711

Securities Exchange Commission
Attn: Merri Jo Gillette, Regional Director
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604-2908

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Internal Revenue Service
1919 Smith Street
Stop 5022 HOU
Houston, TX 77002

U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001
Telephone:  (202) 514-2000

U.S. Attorney's Office Southern District
Donald J. Degabrielle, Jr.
Judy A. Robbins
P.O. Box 61129
Houston, TX 77208-1129
Telephone:  (713) 567-9000

Michael M. Stahl
Lisa Lund
U.S. Environmental Protection Agency Office of Compliance
1200 Pennsylvania Avenue, NW
Washington, DC 20640-0001

Kimberly A. Walsh
Assistant Attorney General
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548
Telephone:  512) 463-2100
**Counsel for The Comptroller of Public Accounts of the State of Texas**

Walker Smith
Randy Hill
U.S. Environmental Protection Agency
Office of Civil Enforcement
1200 Pennsylvania Avenue, NW
Washington, DC 20640-0001

Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
401 M Street, S.W.
Washington, DC 20460

Arizona Department of Revenue
P.O. Box 29079
Phoenix, AZ 85038-9079

State of California
Franchise Tax Board
P.O. Box 2952
Sacramento, CA 95812-2952

Kentucky Revenue Cabinet
Department of Revenue
200 Fair Oaks Lane
Frankfort KY 40620

Louisiana Department of Revenue
P.O. Box 91011
Baton Rouge, LA 70821-9011

Michigan Department of Treasury
430 W. Allegan Street
Lansing, MI 48922

Missouri Director of Revenue
P.O. Box 3020
Jefferson City, MO 65105-3020

Corporation Income Tax
P.O. Box 700
Jefferson City, MO 65105-0700

Ohio Treasurer of State
Ohio Department of Taxation
P.O. Box 804
Columbus, OH 43216-0804

West Virginia State Tax Department
Bankruptcy Unit
P.O. Box 766
Charleston, WV 25323-0766

Stephanie Tom Coupe
State of California Department of Fish and Game
1416 Ninth Street, 12th Floor
Sacramento, CA 95814
**Department of Fish and Game**

Pacific Region, Region 1 Offices
Attn: Ren Lohoefener, Regional Director
911 NE 11th Ave
Portland, OR 97232

Steve Thompson
 California and Nevada Operations (CNO) Manager
Kenneth McDermond, Deputy Operations Manager
2800 Cottage Way
Sacramento, CA 95825
**U.S. Department of the Interior U.S. Fish and Wildlife
Service**

National Marine Fisheries Services US Department of
Commerce
Attn: Dr. William Hogarth
Deanna Harwood, Office of Counsel
501 W. Ocean Blvd., Suite 4200
Long Beach, CA 90802
Telephone:  (562) 980-4000
**U.S. Department of Commerce National Oceanic and
Atmospheric Administration; National Marine
Fisheries Service, Southwest Regional Office**

Lisa Roberts
John Clancey
1655 Heindon Road
Arcata, CA 95521
**U.S. Department of Commerce National Oceanic and
Atmospheric Administration; National Marine
Fisheries Service**

The Resources Agency
Secretary of Resources
Attn: Mike Chrisman
1416 Ninth Street, Suite 1311
Sacramento, CA 95814

Department of Forestry and Fire Protection
Norman Hill, Chief Counsel
Ginevra Chandler, Chief Counsel
P.O. Box 944246
Sacramento, CA 94244-2460
Telephone:  (916) 653-7772

Tom Osipovich, Unit Chief
Joe Fassler, Forest Inspector
118 S. Fortuna Boulevard
Fortuna, CA 95540
**State of California – Department of Forestry and Fire
Protection, Humboldt Del Norte Unit**

Wildlife Conservation Board
John P. Donnelly, Executive Director
1807 13th Street, Suite 103
Sacramento, CA 95814
**State of California; Wildlife Conservation Board**

Sacramento Fish & Wildlife Office
Lynn Cox, Deputy Solicitor General
2800 Cottage Way, Room W-2605
Sacramento, CA 95825
Telephone:  (916) 414-6600
**U.S. Department of the Interior U.S. Fish and Wildlife
Service**

Arcata Fish & Wildlife Office
Mike Long
Amedee Brickey
James Bond
1655 Heindon Road
Arcata, CA 95521
**U.S. Department of the Interior U.S. Fish and Wildlife
Service**

Ted Cobb, Assistant Chief Counsel
1001 "I" Street
P.O. Box 100
Sacramento, CA 95814
Telephone:  (916) 657-0406
**California Environmental Protection Agency State
Water Resources Control Board**

Robert Klamt, Chief, Timber Harvest Division
5550 Skylane Boulevard, Suite A
Santa Rosa, CA 95403
**California Environmental Protection Agency State
Water Resources Control Board North Coast Regional
Water Control Board**

Rick Martin, Director
North Coast Unified Air Quality Mgmt. District
c/o Law Offices of Nancy Diamond
822 G Street, Suite 3
Arcata, CA 95521
Telephone:  (707) 826-8540
**Counsel for North Coast Unified Air Quality
Management District**

Alan Tenenbaum
National Bankruptcy Coordinator Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044
Telephone:  (202) 514-5409
**Counsel for the United States on behalf of the
Department of the Interior and NOAA**

Keith W. Rizzardi
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Station
P.O. Box 7369
Ben Franklin Station
Washington, DC 20044-7369
Telephone: (202) 326-4020 x 6353
**Counsel for the Department of the Interior and
Department of Commerce**

Margarita Padilla
Mary Hackenbracht
Irene Tamura
Deputy Attorney General
Office of the California Attorney General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 622-2135
**Counsel for the California Department of Fish and
Game, the California Department of Forestry and Fire
Protection, the North Coast Region Water Quality
Control Board, the California State Water Resources
Control Board and the California Wildlife
Conservation Board**

Michael Neville
Tiffany Yee
Nicklas Akers
Esther H. La
Deputy Attorney General
Office of the California Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5523
**Counsel for the California Department of Fish and
Game, the California Department of Forestry and Fire
Protection, the North Coast Region Water Quality
Control Board, the California State Water Resources
Control Board and the California Wildlife
Conservation Board**

Christopher M. Ames, Senior Assistant. AG
California Department of Justice
455 Golden Gate Ave., Ste. 11000
San Francisco, CA 94102-7004
Telephone: (415) 356-6000

Larry Ludka
Assistant U.S. Attorney
U.S. Attorney Office Southern District of Texas
800 North Shoreline Blvd., Suite 500
Corpus Christi, TX 78476-2001
Telephone: (361) 937-5856
**Counsel for the United States Department of the
Interior and Department of Commerce**

Paul V. Gallegos
Humboldt County District Attorney
825 Fifth Street, 4th Floor
Eureka, CA 95501
Telephone: (707) 445-7411
**Counsel for People of State of California**

Frederick W. Acker, Deputy Atty. General
California Department of Justice
455 Golden Gate Ave., Ste. 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-1985

<u>**SCOPAC'S SECURED CREDITORS**</u>
The Bank of New York Trust Company, N.A.
Chris Matthews
601 Travis Street, Floor 16
Houston, TX 77002
**Indenture Trustee**

Bank of America
Clara Yang Strand
333 South Hope Street
Los Angeles, CA 90071

<u>**COUNSEL TO SCOPAC'S SECURED CREDITORS**</u>
Evan M. Jones
Brian M. Metcalf
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6236
**Counsel for Bank of America**

Evan D. Flaschen
Kurt A. Mayr
Gregory W. Nye
Bracewell & Giuliani LLP
One Goodwin Square
225 Asylum Street, 26th Floor
Hartford, CT 06103
Telephone: (860) 256-8537
**Counsel to Ad Hoc Group of Noteholders**

John P. Melko
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 3400
Houston, TX 77002
Telephone: (713) 276-5727
**Counsel for The Ad Hoc Committee of Timber
Noteholders**

Rhett G. Campbell
Matthew R. Reed
Thompson & Knight LLP
333 Clay Street, Suite 3300
Houston, TX 77002
Telephone: (713) 653-8660
**Counsel for The Bank of New York Trust Company,
N.A., Indenture Trustee**

Ira L. Herman
Thompson & Knight LLP
919 Third Avenue, 39th Floor
New York, NY 10022-3915
Telephone: (212) 751-3045
**Counsel for The Bank of New York Trust Company, N.A., Indenture Trustee**

**PALCO'S SECURED CREDITORS**
Marathon Structured Finance Fund, LP
ATTN: Gary Lembo
461 Fifth Avenue, 11th Floor
New York, NY 10017

Board of Equalization
(California Timber Tax)
P.O. Box 94279-4001
Sacramento, CA 94729-4001

Humboldt County Tax Collector
(County Property Tax)
ATTN: Stephen A. Strawn Room 125
825 Fifth Street
Eureka, CA 95501

**COUNSEL FOR PALCO'S SECURED CREDITORS**
Henry J. Kaim
Mark W. Wege
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002-2781
Telephone: (713) 751-3225
**Counsel for LaSalle Bank, N.A. and LaSalle Business Credit, LLC**

David Neier
William Brewer
Steven M. Schwartz
Carey D. Schreiber
Winston & Strawn, LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-5318
**Counsel for Marathon Structured Finance Fund, LP**

Eric E. Sagerman
Winston & Strawn, LLP
333 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1829
**Counsel for Marathon Structured Finance Fund, LP**

John D. Penn
Trey Monsour
Haynes & Boone, LLP
201 Main Street, Suite 2200
Fort Worth, TX 76102
Telephone: (817) 347-6610
**Counsel for Marathon Structured Finance Fund, LP**

**SCOTIA DEVELOPMENT, LLC'S 20 LARGEST UNSECURED CREDITORS**
Black & Veatch
800 Wilshire, #600
Los Angeles, CA 90017

**PALCO'S 20 LARGEST UNSECURED CREDITORS**
John Campbell
P.O. Box 412
Scotia, CA 95565

Darrold Criswell
Box 583
Hydesville, CA 95547

Gordon Dewberry
1026 Riverside Drive
Rio Dell, CA 95562

Jeff Duncan
351 Rivella Vista
Redding, CA 9601

Thomas Fraser, Jr.
1634 Holmes Flat Road
Redcrest, CA 95569

Columbia Helico
P.O. Box 3500
Portland, OR 97208

Rodney Hunter
325 Fernbridge Drive
Fortuna, CA 95540

Leonardo Logging, Inc.
P.O. Box 875
Fortuna, CA 95540

Morrison & Foerster
File No. 72497
P.O. Box 60000
San Francisco, CA 94160-2497

Robert E. Manne
8216 SE 29th Street
Mercer Island, WA 98040

Palco Retirement Plan
C/O Fidelity Investments
Attn: Jim Pujats
One Destiny Way WA4B
Westlake, TX 76262-8103

Rounds Logging, Inc.
3211 South Market St.
Redding, CA 96001

Redcoast Forest Services, Inc.
4305 Caterpillar Rd. #4B
Redding, CA 96003

Arthur Grant Stockman
8060 North Glenn Ave., #122
Fresno, CA 93711

Stonegate International
Attn: John D. Roach, Chairman/CEO
100 Crescent Crt, 7th Fl.
Dallas, TX 75201

Three Star Logging
110 Rio Drive
Crescent City, CA 95531

William Thurston
P.O. Box 932
Fortuna, CA 95540

Donald Woods
663 Johnson Lane
Redcrest, CA 95569

**BRITT LUMBER CO., INC'S 20 LARGEST
UNSECURED CREDITORS**
Allied Barton
P.O. Box 828854
Philadelphia, PA 19182-8854

Chambers Wood Products
3025 Beau Pre Drive
McKinleyville CA 95519

Contechem Incorporated
P. O. Box 3255
Portland, OR 97208

D II Trucking
P. O. Box 517
Fortuna, CA 95549

EDJO, Inc.
D/B/A Joe Costa Trucking
P.O. Box 1097
Arcata, CA 95518

Vernon W. Engman, Jr.
P.O. Box 2841
McKinleyville, CA 95519

Scott McCall
5876 Walnut Drive
Eureka, CA 95503

National Benefit Resource
P.O. Box 78910
Milwaukee, WI 532780910

L&M Renner, Inc.
P.O. Box 4868
Eureka, CA 95501-4868

North Coast Fabricators
4801 West End Road
Arcata, CA 95521

Munnell & Sherrill, Inc.
P.O. Box 13249
Portland, OR 97213

Northern California Log Grading Bureau
P.O. Box 1088
Arcata, CA 95518

P & H Analytical Laboratory
P.O. Box 362
Bayside, CA 95524

Pneumatics & Hydraulics
P.O. Box 777
Arcata, CA 95521

Rogers Machinery Company
P.O. Box 230429
Portland, OR 972810429

Steve Saunders
33 Moonstone Beach
Trinidad, CA 95570

Van Dusen Lath Products
P.O. Box 598
Klamath, CA 95548

WBCO Electric Service
3720 Jacobs Ave.
Eureka, CA 95501

**SCOPAC'S TWENTY LARGEST UNSECURED
CREDITORS**
Ben Cohoon
401 8th Street
Fortuna, CA 95540

Blair Forest Consulting
1225 Central Avenue #3
Mckinleyville, CA 95519

California Forest Products Commission
853 Lincoln Way, Suite 208
Auburn, CA 95603

D.R. Systems
2599 McCullough Road
Nanaimo B.C.
Canada

David Gillott
Tall Trees Forestry
P.O. Box 413
Blue Lake, CA 95525

Deloitte & Touche LLP
333 Clay Street
Houston, TX 77002

Fernbridge Tractor & Equip. Co.
20 Depot Road
Fernbridge, CA 95540

Hohman & Associates
P.O. Box 733
Hydesville, CA 95547-0733

Humboldt Fish Action Council
c/o Fisheries Biology Department
Humboldt State University
1 Harpst Street
Arcata, CA 95519

IBM Corporation
275 Viger East
Montreal, QC
Canada

Laco Associates
21 West 4th Street
P.O. Box 1023
Eureka, CA 95501

Les Schwab Tire Center
275 N. Fortuna Bl.
Fortuna, CA 95540

Maxey Forestry
P.O. Box 4858
Arcata, CA 95518

NCASI
P.O. Box 13318
Research Triangle Park, NC 279909-3318

Pacific Watershed Associates
P.O. Box 4433
Arcata, CA 95518

Ray Miller
3147 Dolbeer Street, #13
Eureka, CA 95503

SHN Consulting Engineers and Geologists
812 W. Wabash
Eureka, CA 95501

Timberland Res. Consultants
165 S. Fortuna Bl. Suite 4
Fortuna, CA 95540

TSI
262 Sunnybrook Drive
Fortuna, CA 95540

**INTERESTED PARTIES AND PARTIES
REQUESTING NOTICE**
Alan Gover
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036-2787
Telephone:  (212) 819-8200
**Counsel for MAXXAM Group, Inc.**

Craig H. Averch
Roberto J. Kampfner
White & Case LLP
633 West Fifth Street, 19th Floor
Los Angeles, CA 90071
Telephone:  (213) 620-7704
**Counsel for MAXXAM Group, Inc.**

Jeffrey E. Spiers
Basil A. Umari
Andrews and Kurth LLP
600 Travis, Ste. 4200
Houston, TX 77002
Telephone:  (713) 220-4103
**Counsel for MAXXAM**

Bruce G. MacIntyre
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, WA 98101-3099
Telephone:  (206) 359-6371
**Counsel for Green Diamond Resource Company**

Andrew Herenstein
Patrick Bartels
Quandrangle Group LLC
375 Park Avenue, 14th Floor
New York, NY 10152

David E. Martinek
Dun & Martinek LLP
2313 I Street
Eureka, CA 95501
Telephone:  (707) 442-3791
**Counsel for City of Rio Dell**

Michael A. Axel
KeyBank National Association
127 Public Square, Second Floor
Cleveland, OH 44114-1306
Telephone:  (216) 689-4848
**Counsel for Key Equipment Finance Inc.**

Steven H. Felderstein
Paul J. Pascuzzi
Felderstein Fitzgerald Willoughby & Pascuzzi
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone:  (916) 329-7400
**Counsel for State of California ex rel. Edmund G.
Brown, Jr., A.G., CA Resources Agency, CA Dept. of
Fish & Game, CA Dept. of Forestry & Fire
Protection, North Coast Region Water Quality Control
Board, CA State Water Resources Control Board, and
CA Wildlife Conservation Board**

Joseph W. Cotchett
Niall P. McCarthy
Barbara L. Lyons
Phillip L. Gregory
Cotchett, Pitre, Simon & McCarthy
840 Malcolm Road, suite 200
Burlingame, CA 94010
Telephone:  (650) 697-6000
**Counsel for State of California, ex rel. Richard Wilson
and Chris Maranto and United States of America, ex
rel. Richard Wilson and Chris Maranto**

Marc S. Pfeuffer
Theresa J. Betro
1200 K Street, N.W.
Washington, DC 20005-4026
Telephone:  (202) 326-4020
**Counsel for Pension Benefit Guaranty Corporation**

CWY Credit Bankruptcy Department
Con-Way Freight
5555 Rufe Snow Drive, Suite 5515
North Richland Hills, TX 76180

Daniel A. Zazove
Perkins Coie LLP
131 S. Dearborn St., Suite 1700
Chicago, IL 60603
Telephone:  (312) 324-8400
**Counsel for Mendocino Forest Products
Company, LLC**

Aetna– Middletown
11300 Tomahawk Creek Parkway, Suite 300
Leawood, KS 66211

Humboldt Del Norte IPA
3100 Edgewood Road
Eureka, CA 95502

Metlife
Dept. CH 10579
Palatine, IL 60055-0579

William G. Bertain
Law Offices of William G. Bertain
1310 Sixth Street
Eureka, CA 95501
Telephone:  (707) 443-5078
**Counsel for Steve Cave, Edyth Johnson, Alan Cook and
56 other individuals**

SWRCB
5550 Skylane Blvd. #A
Santa Rosa, CA 95403

United Steelworkers of America, et al.
c/o Jonathan Weissglass
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone:  (415) 421-7151

Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan Street, Suite 1600
Dallas, TX 75201
Telephone:  (214) 880-0089
**Counsel for Dallas County**

Marcus A. Helt
Gardere Wynne Sewell, LLP
1601 Elm Street, Suite 3000
Dallas, TX 75201-4761
Telephone:  (214) 999-3000

Humboldt County Tax Collector
Room 125
825 5th Street
Eureka, CA 95501
Telephone:  (707) 476-2450

James A. Shepherd
Office of the United States Trustee
235 Pine Street, #700
San Francisco, CA 94708
Telephone:  (415) 705-3333

Ali Freedlund
Forest Practices Program
Mattole Restoration Council
P.O. Box 160
Petrolia, CA 95558
Telephone:  (707) 629-3514

Peter K. Newman
Matthew S. Barr
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005-1413
Telephone:  (212) 530-5000
**Counsel for SIFMA and Loan Syndications and
Trading Association**

John C. Morrison
1890 Loop Road
Fortuna, CA 95540

Joshua M. Mester
Bruce Bennett
Hennigan, Bennett & Dorman LLP
865 S. Figueroa Street, Suite 2900
Los Angeles, CA 90017
Telephone:  (213) 694-1200
**Counsel for Canpartners Investments IV, LLC**

Lewis Logging
3897 Rohnerville Road
Fortuna, CA 95540
Telephone:  (707) 725-5080

Joseph A. Friedman
Kane Russell Coleman & Logan PC
3700 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201
Telephone:  (214) 777-4225

Paul N. McCloskey, Jr.
Law Offices of Paul N. McCloskey, Jr.
600 Allerton Street, Suite 202
Redwood City, CA 94063
Telephone:  (530) 796-2124
**Counsel for Qui Tam Litigation**

Morgan Stanley Senior Funding, Inc.
Attn: Vannessa Marling/Darragh Dempsey
1 Pierrepont Plaza, 7th Floor
Brooklyn, NY 11201
Telephone:  (212) 319-1010
**Transferee of US Bank National Association**

Peter Corbell
Anurag Kapur
Tom Carlson
Will Eide
Chanin Capital Partners
11150 Santa Monica Blvd. 6th Floor
Los Angeles, CA 90025
Telephone:  (310) 445-4010

John P. Dillman
Linebarger Heard Goggan Blair & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064
Telephone:  (713) 844-3400
**Counsel for Harris County**

Bobbie G. Bayless
Bayless & Stokes
2931 Ferndale
Houston, TX 77098
Telephone:  (713) 522-2224
**Counsel for Jeff King Contractor, Inc.**

Mark Lovelace, President
Humboldt Watershed Council
P.O. Box 1301
Eureka, CA 95502
Telephone:  (707) 822-1166

Rosa Dominy
Bankruptcy Administration
IKON Financial Services
738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708
Telephone:  (478) 405-4001

Craig E. Power
Cokinos, Bosien & Young
Four Houston Center
1221 Lamar Street, 16th Floor
Houston, Texas 77010
Telephone:  713) 535-5500
**Counsel for Granite Construction Company**

Komatsu Financial Ltd
1333 Butterfield Rd Suite 600
Downers Grove IL 60515
Telephone:  (630) 434-3500
Brian W. Bisignani, Esq.
Post & Schell, P.C.
17 North 2nd Street, 12th Floor
Harrisburg, PA 17101-1601
Telephone:  (717) 731-1970
**Counsel for Aon Consulting**

Timothy P Dowling
Gary, Thomasson, Hall & Marks, P.C.
615 N. Upper Broadway, Ste. 800
Corpus Christi, TX 78477
Telephone:  (361) 884-1961
**Counsel for Arthur S. Petrey**

Neil Herskowitz
Riverside Claims LLC
P.O. Box 626
New York, NY 10024
Telephone:  (212)501-0990

Martha E. Romero
Romero Law Firm
BMR Professional Building
6516 Bright Avenue
Whittier, California 90601
Telephone:  (562) 907-6800
**Counsel for County of Humboldt, CA**

Edgar Bancroft Washburn
Morrison & Forerester LLP
425 Market Street
San Francisco, CA 94105
Telephone:  (212) 468-8000

Craig P. Druehl
Allan  S. Brilliant
Brian D. Hail
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022
Telephone:  (212) 956-1500
**Counsel for Mendocino Redwood Company, LLC**

Patrick Thompson
Goodwin Procter LLP
Three Embarcadero Center, 24th Floor
San Francisco, CA 94111
Telephone:  (415) 438-2142

Ruth A. Van Meter
Munsch Hardt Kopf & Harr, PC
700 Louisiana, 46th Floor
Houston, TX 77002
Telephone:  (713) 222-4022
**Counsel for Transportation Insurance Company,
Continental Casualty Company, American Casualty
Company of Reading, Pennsylvania, CNA Claimplus,
Inc., as Successor-in-Interest to RSKO Services, Inc.
and their American Affiliates and Subsidiaries in the
Insurance Business**

Isaac M. Pachulski
Eric D. Winston
K. John Shaffer
Stutman, Treister & Glatt Professional Corp.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone:  (310) 228-5600

Stephen T. Hoort
Heather Zelevinsky
Ropes & Gray LLP
One International Place
Boston, MA 02110-2624
Telephone:  (617) 951-7000

Michael R. Lozeau
Lozeau Drury LLP
1516 Oak Street, Ste. 216
Alameda, CA 94501
Telephone:  (510) 749-9102

Robin E. Keller
Lovells LLP
590 Madison Avenue
New York, NY 10022
Telephone:  (212) 413-7800

Isaac M. Pachulski
Eric D. Winston
K. John Shaffer
Stutman, Treister & Glatt Professional Corp.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

Stephen T. Hoort
Heather Zelevinsky
Ropes & Gray LLP
One International Place
Boston, MA 02110-2624

Michael R. Lozeau
Lozeau Drury LLP
1516 Oak Street, Ste. 216
Alameda, CA 94501

Robin E. Keller
Lovells LLP
590 Madison Avenue
New York, NY 100