**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| In re SCOTIA DEVELOPMENT, LLC, et al., | § § § § § § Misc. No. CC-08-66 |

**ORDER DENYING MOTION FOR STAY PENDING APPEAL**

This is a bankruptcy case involving various parties with lumber interests in Northern California. Among the interested parties are forest owners (Scotia Pacific Company, LLC), a timber mill (The Pacific Lumber Company), the State of California, unsecured creditors, and secured bondholders, represented primarily by The Bank of New York Trust Company, N.A., as Indentured Trustee. The Bankruptcy Court considered competing confirmation plans proposed by the parties. It ultimately selected and confirmed on July 8, 2008 a plan, offered by Mendocino Redwood Company, LLC and Marathon Structured Finance Fund, L.P., that would continue lumbering and milling operations under new ownership. The Bank of New York objected to the plan, asserting that it would diminish the value of the bonds, and advocated its own plan.

After the Bankruptcy Court entered its order confirming the plan, The Bank of New York filed its notice of appeal in the Bankruptcy Court. The Bank of New York also petitioned the Bankruptcy Court to certify the case for direct appeal to the Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 158(d)(2) and to stay the case pending the outcome of the appeal. The Bankruptcy Court granted The Bank of New York's

request for a direct appeal and certified a direct appeal to the Fifth Circuit Court of Appeals. The Bankruptcy Court denied the request for a stay pending appeal, but granted a ten-day stay for The Bank of New York to seek relief from the Fifth Circuit Court of Appeals. The Bank of New York subsequently filed in this Court its Emergency Motion for Stay Pending Appeal (D.E. 1). In the motion, The Bank of New York requests that this Court issue a stay of the Bankruptcy Court's judgment pending appeal to an unspecified court. For authority to extend the stay order, the Bank relies on 28 U.S.C.A. 158(d)(2)(D) and Bankruptcy Rule 8005. The Court finds neither provides this Court with the authority needed for the Court to act in a Certified Action.

With regard to §158 (d)(2)(D), the statute contemplates appeals docketed in the District Court. There is no appeal in this District Court. The appeal remains docketed before the Bankruptcy Court and is intended by the Bank's own motion and by the Bankruptcy Court's order for appellate decision by the Court of Appeals, subject to acceptance by that Court. *In re Scotia Pacific Co., LLC*, 508 F.3d 214, 219 (5th Cir. 2007).

With regard to Bankruptcy Rule 8005, it was enacted before the new certification procedure of Section 158(d)(2). This Bankruptcy Rule of necessity contemplates a matter that is intended for the appellate jurisdiction of the District Court or Bankruptcy Appeals Panel as the case may be, but not one directed by certification to the Court of Appeals.

It is presumptive and inconsistent with the new statutory process of direct appeal

and certification to the Court of Appeals for the District Court to intrude itself in the appellate decision process. Bankruptcy Rule 8017(c) gives the Court of Appeals such jurisdiction as the Appeals Court may need to issue any order to preserve the status quo. The Court concludes that would include such period of time as it may need on its own part to decide whether to accept certification, and thereafter, once the appellant files its petition with certification order.[1]

For the foregoing reasons, the Bank's Emergency Motion is denied.

ORDERED this the 21 day of July, 2008.

Hayden Head
Chief Judge

---

[1] In this case the Bank has not yet done so. Such a matter is entirely within the control of the Bank who is now before this Court when it sought to be in front of another.

3